# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| CORRINE MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1554-TIA |
| | ) | |
| PLACES FOR PEOPLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court upon the application of Corrine Mack for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee, and therefore, she will be granted leave to proceed in forma pauperis.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to

state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff seeks monetary relief pursuant to 29 U.S.C. § 794 (Rehabilitation Act of 1973).[1] The named defendants are Places for People, Barbara Taylor, Tiffany Mercurio, Ernin Unknown, and Ingram Unknown. Plaintiff alleges that she was fired

---

[1]Although plaintiff has, somewhat confusingly, attached to her complaint part of a separate form complaint on which she has placed an asterisk by "Title VII," "Age Discrimination in Employment Act," and "American with Disabilities Act," the Court will not liberally construe the instant action as alleging claims under these three statutes [Doc. #1, page 6]. Plaintiff asserts no allegations that her employment termination was because of age, race, color, religion, gender, or national origin. Moreover, there is no indication that she has filed a charge of discrimination with the Equal Employment Opportunity Commission and has obtained a right-to-sue letter, a prerequisite to filing both Title VII and ADA actions.

and "could no longer attend the Club House," because her hearing aids stopped working.

## Discussion

The Rehabilitation Act imposes liability for employment discrimination on the basis of a disability by an employer of a program or activity receiving federal financial assistance. Under the Rehabilitation Act, a plaintiff is required to exhaust administrative remedies before commencing a civil suit in Federal Court. Filing a charge with the appropriate Equal Employment Office representative or agency is a prerequisite in actions brought pursuant to the Rehabilitation Act. Thus, before filing a complaint under the Rehabilitation Act in this Court, plaintiff must first pursue administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *See* 29 U.S.C. § 794a(a)(1); *Spelke v. Gonzalez*, 516 F. Supp. 2d 76, 82 (D.D.C. 2007). Because plaintiff does not state, and there is no indication, that she has filed a charge of discrimination with the EEOC, it appears that plaintiff has failed to exhaust administrative remedies, which would necessitate the dismissal of this action.[2]

_____

[2]The Court notes that plaintiff has filed a copy of a June 3, 2013 right-to-sue letter issued by the St. Louis Civil Rights Enforcement Agency ("CREA"). In the event that plaintiff has, in fact, not yet exhausted her administrative remedies under the Rehabilitation Act, this Court would lack subject matter jurisdiction over plaintiff's state claims. As stated in plaintiff's CREA letter, she has "the

Because plaintiff is proceeding pro se and in forma pauperis, the Court will grant her up to and including August 29, 2013, in which to show cause why this action should not be dismissed for failure to exhaust administrative remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time, and that plaintiff shall show cause **on or before August 29, 2013**, why this action should not be dismissed for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action, without prejudice.

Dated this 19th day of August, 2013.

**/s/Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**

---

right to bring a civil action within 90 days of the date of this letter" in *state circuit court*.